UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER CAMPANELLA,

                Plaintiff,

   -against-                                        1:10-CV-1392

THE CITY OF COHOES, *et al.,*

                Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff commenced this action *pro se* asserting claims pursuant to 42 U.S.C. § 1983 and New York state common law. See Compl. dkt. # 1. Plaintiff's Complaint is not verified. Although it is difficult to ascertain the precise background of the case from Plaintiff's prolix and rambling Complaint, it appears that the matter arises from an on-going prosecution of Plaintiff in the City Court of the City of Cohoes, New York. Id. The Section 1983 claims asserted in this case appear to arise from the state criminal proceeding and challenge the actions of various parties related to the criminal proceeding. See id. pp. 16-24.

It also appears that Plaintiff "has to date, filed 112 criminal complaints, and is drafting at least 60 more" (Compl. p. 12) against the various individuals involved in

Plaintiff's prosecution, including criminal complaints against Cohoes City Court Judge Richard Maguire who is presiding over the case against Plaintiff. Id. pp. 7-8. In addition, Plaintiff purportedly sent a "Tort Letter" to the City of Cohoes regarding Judge Maguire's actions in the criminal case, and made numerous complaints to the New York State Judicial Conduct Committee about Judge Maguire. Id. p. 10. Plaintiff asked Judge Maguire to recuse himself from the criminal proceedings but Judge Maguire denied Plaintiff's request. Id. pp. 8, 10.

Plaintiff also brings an *ex parte* application for a Temporary Restraining Order and a Preliminary Injunction seeking an order that "defendant [be] enjoined from the existing case in the City of Cohoes case # C2010-0018." Prel. Inj. Motion [dkt. # 2] p. 3. Plaintiff does not identify which of the 15 defendants the previous sentence refers to, but from the context of the document it appears to refer to Judge Maguire.

Plaintiff asserts, in wholly conclusory fashion, that he "fears for his life and well being if he returns to the court in question" and that "there is a substantial likelihood that plaintiff will prevail on the merits." Id.[1] It is unclear what legal theory underlies Plaintiff's claim against Judge Maguire on the preliminary injunction motion, but it appears that Plaintiff asserts that he will be denied constitutional due process in the state court proceeding if Judge Maguire is not removed from the case.

There is no indication in the record that the Complaint or the Motion have been served on any defendant.

---

[1] Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction contains no verified affidavit or declaration.

2

**II. DISCUSSION**

Plaintiff has not met the standard for an *ex parte* application for an injunction.  See Fed. R. Civ. P. 65;[2] N.D. N.Y L.R. 7.1(f)("The moving party must serve any application for a temporary restraining order on all other parties unless Fed. R. Civ. P. 65 otherwise permits.").

Moreover, this Court is deprived of subject matter jurisdiction to adjudicate the sought after Temporary Restraining Order and Preliminary Injunction.  "[T]he District Court ... is duty bound to ... *sua sponte* [raise subject matter jurisdiction] whenever it appears that jurisdiction ... is lacking." Thompson v. New York Cent. R. Co., 361 F.2d 137, 144-45 (2d Cir. 1966); see Tellock v. Davis, 2002 WL 31433589, at * 3 (E.D.N.Y. Oct. 31, 2002) (raising the applicability of the Younger abstention doctrine *sua sponte*).   Here, the Court's jurisdiction is clearly prohibited in light of the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971); Spargo v. New York State Com'n on Judicial Conduct, 351 F.3d 65, 74-75 (2d Cir. 2003).[3]

---

[2]Fed. R. Civ. P. 65 provides:

(b) Temporary Restraining Order.

> (1) Issuing Without Notice.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney **only if:**
>
>> (A) **specific facts in an affidavit or a verified complaint clearly show** that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and**
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the **reasons why it should not be required**.

Fed. R. Civ. P. 65(b)(emphasis added).

[3] The Second Circuit explained in Spargo:

(continued...)

Under Younger, federal courts should "abstain from jurisdiction whenever federal claims have been or could have been presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S. Ct. 2321, 81 L.Ed.2d 186 (1984); see also Spargo, 351 F.3d at 75 ("Younger generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction.")(interior quotes and citations omitted). Indeed, "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo 351 F.3d at 75.

All three of the Younger factors are present here. First, there is a pending state proceeding - the criminal proceeding in the Cohoes City Court in which Plaintiff seeks to enjoin Judge Maguire from presiding over the case. Second, the underlying proceeding implicates an important state interest, namely, the prosecution of a crime or some other

---

[3](...continued)
As the Supreme Court emphasized in Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746 (1971), federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings. This principle of abstention is grounded in interrelated principles of comity and federalism. See Schlagler v. Phillips, 166 F.3d 439, 442 (2d Cir.1999). Both considerations require federal courts to be "cognizant that 'the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" Younger, 401 U.S. at 44. "Our Federalism" in its ideal form, as the Supreme Court explained in Younger, strives towards "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." Id. . . . Giving states "the first opportunity ... to correct their own mistakes" when there is an ongoing state proceeding serves the vital purpose of "reaffirm[ing] the competence of the state courts," and acknowledging the dignity of states as co-equal sovereigns in our federal system. Id. at 200.

351 F.3d at 74-75.

violation in the Cohoes City Court. Third, the state court affords Plaintiff an adequate opportunity for judicial review of his federal constitutional claim related to Judge Maguire's refusal to recuse himself. See e.g. People v. Alomar, 93 N.Y.2d 239, 246 (N.Y. 1999)(addressing criminal defendant's due process challenge derived from the trial judge's refusal to recuse himself); People v. Shultis, 61 A.D.3d 1116, 1117 (3rd Dept. 2009)(same).

### III.   CONCLUSION

Accordingly, the motion for a Temporary Restraining Order and Preliminary Injunction [dkt. # 2] is **denied for lack of subject matter jurisdiction**.

Further, it is unclear from the Complaint whether any of the constitutional claims asserted this matter would escape the Younger abstention doctrine. This lack of clarity arises because the Complaint does not comply with the dictates of Rule 8 or 10 of the Federal Rules of Civil Procedure. Therefore, **the Complaint is dismissed with leave to re-plead** in compliance with Rule 8 and 10. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)(Dismissal under Rule 8 is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."). Any re-pleading in this case must be done within twenty (20) days of the date of this Decision and Order. Absent the filing of a re-pleaded complaint in this time period, the Clerk of the Court shall close the file in the matter.

**IT IS SO ORDERED**

DATED: November 19, 2010

Thomas J. McAvoy
Senior, U.S. District Judge